# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SENECA LYNERE MATHEWS
ADC #140780                                                                                    PETITIONER

V.                                  NO. 5:14CV00162 JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                                  RESPONDENT

## MEMORANDUM ORDER

### I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Seneca Lynere Mathews ("Mathews"), an inmate in the Arkansas Department of Correction ("ADC"). *Doc. 2*. Before addressing Mathews' habeas claims, the Court will review the procedural history of the case.

On December 17, 2007, Mathews entered a guilty plea, in Dallas County Circuit Court, to delivery of controlled substance. *Doc. 5-1 at 1*. He received a ten-year sentence in the ADC. *Id.*

Sometime in 2011, Mathews was paroled from the ADC. *Doc. 5 at 1*. On September 25, 2013 a parole-violation warrant was issued charging Mathews with delivery of methamphetamine. *Doc. 1 at 11, doc. 5 at 1*. On November 5, 2013, the Parole Board conducted a revocation hearing and Mathews' parole was revoked. *Doc. 5 at 1*.

Mathews initiated this habeas action April 28, 2014. *Doc. 1*. He argues that there was insufficient evidence to support his parole revocation because: (1) the police improperly used a CI who was also a parolee; (2) there was not a video of the controlled buy; and (3) there was not any evidence "turned into the crime laboratory." *Doc. 1*. Respondent contends that Mathews' claims are procedurally defaulted. *Doc. 5*.

For the reasons explained below, the Court concludes that Mathews' claims are procedurally defaulted. Thus, this habeas action will be dismissed, with prejudice.

## II. Discussion

Respondent argues that, assuming Mathews' sufficiency of the evidence arguments state cognizable habeas claims, they are procedurally defaulted because he never challenged the Parole Board's decision in state circuit court as he was required to do under the Arkansas Administrative Procedures Act ("APA").[1] *See* Ark. Code Ann. § 25-15-212 (Repl. 2014). In pertinent part, this statute provides as follows:

> In cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured

---

[1] In *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), the Court held that a defendant facing a parole revocation is not entitled to "the full panoply of rights" that are accorded in a criminal prosecution. Because the state has an "overwhelming" interest in being able to return parole violators to prison "without the burden of a new adversary criminal trial," the Due Process Clause merely requires that an "informal hearing" be held "to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 483–84.
  Nothing in Mathews' arguments suggests that the minimal Due Process requirements of *Morrissey* were not met.

> in his person . . . by final agency action, shall be entitled to judicial review of the action under this subchapter.

Ark. Code Ann. § 25-15-212(a) (Repl. 2014).

The plain language of this provision prohibits ADC inmates from asserting claims for judicial review under the APA. However, in *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991), the Court held that this provision of the statute was unconstitutional because it denied ADC inmates judicial review of federal or state constitutional claims: "we emphasize that Act 709 [codified at Ark. Code Ann. § 25-15-212(a)] unconstitutionally deprives inmates of review of constitutional questions because judicial review of all other administrative questions may be granted, or withheld, according to the Legislature's discretion." *Id.* at 172, 559 (emphasis in original).

Habeas claims are, by definition, federal constitutional claims. See 28 U.S.C. § 2254(a). Thus, under the Court's holding in *Clinton*, such claims, arising from allegedly unconstitutional actions by the state Parole Board, must be fully exhausted in an APA action in state court before they can be pursued in a § 2254 habeas action in federal court. Courts in the Eastern District of Arkansas have consistently cited *Clinton* as authority for dismissing habeas claims challenging

3

Parole Board decisions where the petitioner failed to pursue timely judicial review under the APA in state court.[2]

As cause to excuse his procedural default, Mathews argues that his lawyer never communicated with him about attacking the Parole Board's decision in an APA action in state court. *Doc. 6*. While ineffective assistance of counsel may constitute cause to excuse procedural default, the ineffective assistance of counsel claim itself must have been properly presented in state court: "[T]he exhaustion doctrine requires that a claim for ineffective assistance of counsel be initially 'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default' in a federal habeas proceeding." *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003) (*quoting Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Moreover, as a *pro se* litigant, Mathews is still charged with knowing the law relevant to his habeas claims. *See Weeks v. Bowersox*, 106 F.3d 248, 249 (8th Cir. 1997) ("A prisoner's illiteracy and *pro se* status are not cause."). Thus, the "cause and prejudice" exception to procedural default does not apply.

---

[2] *See e.g Tucker v. Norris*, 2009 WL 5066761, *3 (E.D. Dec. 16, Ark. 2009) (unpublished) ("Petitioner could have filed a claim raising his constitutional claims under the Administrative Procedures Act in the circuit court . . . . The time has passed for Petitioner to file such an action, and there are no other non-futile state court remedies available to Petitioner."); *Wells v. Burl*, 2014 WL 6892177, *3 (E.D. Ark. Dec. 4, 2014) (unpublished) ("Here, [petitioner] could have sought review of the Parole Board's decision as required by the Arkansas Administrative Procedure Act[.] He did not seek such review and as such, no state court has been afforded an opportunity to consider his matter. Because [petitioner] failed to do so, his claims are procedurally defaulted."); *Tyler v. Guntharp*, 2010 WL 2330276, *3 (E.D. Ark. May 20, 2010) (unpublished) ("[I]n *Clinton v. Bonds* . . . the Arkansas Supreme Court held unconstitutional the portion of the statute barring inmates from bringing constitutional challenges. As a result, Mr. Tyler could have filed a claim pursuing his constitutional claims in state circuit court within 30 days after he was served with the Arkansas Board of Parole's December 18, 2009, decision. The time for filing such an action has now passed, and there are no other non-futile state court remedies available to Mr. Tyler.").

## III. Conclusion

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus be DENIED, and the case is DISMISSED, WITH PREJUDICE. IT IS FURTHER ORDERED THAT a Certificate of Appealability is DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 3rd day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE